IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ROBERT FRANKLIN ALSTON,

    Petitioner,

v.                                                                                  No. 1:23-cv-01016-JDB-jay
                                                                                   Re:  1:21-cr-10108-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

___

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

___

*INTRODUCTION*

Pursuant to a judgment entered June 30, 2022, the Petitioner, Robert Franklin Alston, Bureau of Prisons register number 75124-509, was sentenced to thirty-three months' incarceration, to be followed by three years' supervised release, upon a guilty plea to a one-count indictment for knowingly possessing a firearm while under indictment in violation of 18 U.S.C. § 922(n). (*See United States v. Alston*, Case No. 1:21-cr-10108-JDB-1 (W.D. Tenn.), Docket Entry ("D.E.") 40.) Alston did not file a direct appeal of his conviction. Before the Court is his January 25, 2023, pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition") (D.E. 1),[1] to which the Government has responded, opposing the relief sought (D.E. 11). Alston did not file a reply.

At the time the Petition was filed, the inmate was imprisoned at Federal Correctional Institution Memphis, Tennessee. (D.E. 1-3.) However, according to the Bureau of Prisons' Inmate

---

[1]Record citations are to the instant case unless otherwise noted.

Locator webpage, he was released from its physical custody on October 19, 2023. https://www.bop.gov/inmateloc/ (last visited Jan. 30, 2026). His supervised release is set to expire October 18, 2026. (*See Alston*, Case No. 1:21-cr-10108-JDB-1, D.E. 41.)

## JURISDICTION

Section 2255 permits a prisoner "*in custody* under sentence of a court . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). A defendant serving a term of supervised release is "in custody" for purposes of § 2255 and the district court therefore has jurisdiction to consider his petition for relief. *See Oboh v. United States*, 769 F. Supp. 3d 796, 812-13 (E.D. Tenn. 2025) (citing cases), *appeal filed* (6th Cir. Mar. 11, 2025) (No. 25-5196).

## LEGAL STANDARD

"A petitioner seeking § 2255 relief must allege . . . as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (quoting *Harris v. United States*, 19 F.4th 863, 866 (6th Cir. 2021)) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 2667 (2023). A petitioner bears the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A § 2255 motion is not a substitute for direct appeal. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

## ARGUMENTS OF THE PARTIES AND ANALYSIS

Alston avers in the Petition that he is not a convicted felon and that the statute under which he was convicted is a violation of the Second Amendment. As noted, Petitioner entered into a guilty plea and did not appeal his conviction. "It is well settled that a voluntary and intelligent

plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). "And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id.* "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent[.]'" *Id.* (internal citations omitted). The hurdle faced by a petitioner in seeking to excuse a procedural default is "intentionally high." *Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001).

Petitioner has attempted to demonstrate neither cause nor prejudice. Consequently, the argument is "waived, or at least forfeited." *See Nash v. United States*, Case No. 5:24CV1074, 2025 WL 3204718, at *7 (N.D. Ohio Nov. 17, 2025) (in habeas case where petitioner failed to attempt to establish cause or prejudice, court noted that the Sixth Circuit has "consistently held that arguments not raised in a party's opening brief are waived, or at least forfeited," citing *Tri-State Wholesale Building Supplies, Inc. v. National Labor Relations Board*, 657 F. App'x 421, 425 (6th Cir. 2016)); *United States v. Givhan*, Case No. 24-20170, 2025 WL 2965773, at *3 (E.D. Mich. Oct. 20, 2025) (same).

This leaves actual innocence. The excuse, "if proved, serves as a gateway through which a petitioner may pass" to avoid a procedural bar. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A prisoner "can . . . overcome a procedural default if the failure to consider [his] collateral challenge would result in a 'fundamental miscarriage of justice' because [he is] factually innocent of the crime of which [he has] been convicted." *Wallace v. United States*, 43 F.4th 595, 606 (6th

3

Cir. 2022) (quoting *McQuiggin*, 569 U.S. at 392-94).  Section 922(n), the crime of conviction, prohibits "any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to . . . receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(n).

Alston's assertion that he is not a convicted felon does not establish actual innocence, as § 922(n) by its terms does not require that one charged with the offense be a convicted felon.  Rather, it mandates that one be under indictment, a fact Petitioner does not challenge.  His contention that the statute infringes on his constitutional rights under the Second Amendment fares no better.  Actual innocence means factual innocence, not mere legal insufficiency.  *Witham v. United States*, 97 F.4th 1027, 1033 (6th Cir. 2024) (citing *Bousley*, 523 U.S. at 623).  Courts in this circuit have concluded that a petitioner's claim of actual innocence on the grounds that his conviction was based on an unconstitutional statute "is akin to an argument regarding legal insufficiency" and, therefore, does not constitute an excuse for procedural default.  *See Nash*, 2025 WL 3204718, at *7; *Daniel v. United States*, Case No. 1:25-cv-402, 2025 WL 1452698, at *5 (W.D. Mich. May 21, 2025) (same); *United States v. Colvin*, Case No. 1:21-cr-75, 2025 WL 524201, at *2 (S.D. Ohio Feb. 18, 2025) (a petitioner's claim that the statute under which he was convicted is unconstitutional "cannot establish that he is actually (and factually) innocent of the charge in the indictment").

As Alston has failed to excuse his procedural default, the Petition is DENIED.  The Clerk is DIRECTED to enter judgment.

## APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if

4

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2)-(3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  A COA does not require a showing that the appeal will succeed.  *Id.* at 337.  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (per curiam) (quoting *Miller-El*, 523 U.S. at 337).  In this case, for the reasons previously stated, Petitioner cannot present a question of some substance about which reasonable jurists could differ.  Therefore, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal in forma pauperis is therefore DENIED.[2]

---

[2] If Petitioner files a notice of appeal, he must also pay the full $605.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

5

IT IS SO ORDERED this 30th day of January 2026.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE